ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
P. GREG PARHAM
Assistant United States Attorney
California Bar Number 140310
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone:  (213) 894-6528
   Facsimile:  (213) 894-7177
   E-mail: Greg.Parham@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> REAL PROPERTY LOCATED AT 331 N. MILPAS, SANTA BARBARA, CA (MATILIJA), <br><br> Defendant. <br><br>_____<br> MATILIJA INVESTMENT PROPERTY LLC AND FIRST CALIFORNIA BANK, <br><br> Claimants. <br>_____ | CV 12-03791 JFW(PLAx) <br><br> **CONSENT JUDGMENT OF FORFEITURE AS TO CLAIMANT FIRST CALIFORNIA BANK ONLY** <br> **[This consent judgment is not case-dispositive and only resolves the claim of one claimant in this action.]** |

1

This action was filed on May 2, 2012. Notice was given and published in accordance with law. Claimant and titleholder Matilija Investment Property LLC ("Matilija") filed a claim on May 25, 2012 (Court docket # 5) and by order of the court was provided an extension to file its responsive pleading to the complaint on or before February 11, 2013 (Court docket # 21). Claimant and lien holder First California Bank ("FCB") filed a claim on January 9, 2013. FCB holds a security interest in the defendant property pursuant to a deed of trust to secure an indebtedness by Matilija, in the original amount of $1,527,500.00, recorded on June 15, 2005 in the Santa Barbara County Recorder's Office as instrument no. 2005-0055870, in favor of FCB (the "Deed of Trust"). No other claims or answers have been filed, and the time for filing claims and answers has expired. Plaintiff United States of America ("the government") and FCB have reached an agreement that, without further litigation and without an admission of any wrongdoing, is dispositive of the government's claims against FCB's interest in this action, and hereby request that the Court enter this Consent Judgment of Forfeiture.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

1. As used throughout, the following terms shall have the following meaning: (a) "defendant property" shall mean the defendant real property located at 331 N. Milpas, Santa Barbara, California; and (b) "illegal purpose" shall mean any purpose that furthers or facilitates the distribution or sale of marijuana in violation of federal law, including, but not limited to, renting space to a person or entity that sells or

2

distributes marijuana or the renting of space to or permitting the continued tenancy of any person or entity that sells, distributes or facilitates the sale or distribution of marijuana.

    2.   This Court has jurisdiction over the parties to this judgment and the subject matter of this action.

    3.   On or about May 2, 2012, the government filed a Complaint for Forfeiture pursuant to 21 U.S.C. § 881(a)(7) against the defendant property.

    4.   Matilija and FCB filed a claim to the defendant property. No other claimant has appeared in this action.

    5.   Notice of this action has been given in accordance with law. No appearances having been made in this action by any person other than Matilija and FCB, the Court deems that all other potential claimants admit the allegations of the Complaint to be true. The Complaint states a valid claim for relief pursuant to 21 U.S.C. § 881(a)(7).

    6.   FCB shall retain its security interest in the defendant property and in consideration thereof FCB agrees to abide by the terms of this Agreement. If FCB becomes the owner of the defendant property, whether as a result of foreclosure of the Deed of Trust or otherwise, FCB shall lawfully use and occupy the defendant property in accordance with the restrictions imposed by paragraph 7 below. If FCB fails to comply with any of the terms of paragraph 7, FCB's interest in the defendant property shall be forfeited to the government pursuant to paragraph 8 below.

///

7. In the event FCB becomes the owner of the defendant property, during the time it owns the defendant property, FCB:

 a. shall not use or occupy the defendant property for any illegal purpose (as defined above), nor shall it knowingly allow the defendant property to be used or occupied for, or involved in, any illegal purpose.

 b. shall take reasonable precautions to prevent any destruction to or diminution in value of the defendant property and any fixtures thereto resulting from any illegal purpose.

 c. shall not knowingly rent, lease or otherwise allow the use or occupancy of the defendant property to (i) any former tenant who used or occupied the defendant property for any illegal purpose; or (ii) any person FCB has reason to believe may use or occupy the defendant property for any illegal purpose.

 d. shall take reasonable steps to prevent the defendant property from being listed in any advertisement, publication, directory or internet site which advertises or indicates that marijuana is available at the location of the defendant property.

8. In the event that FCB fails to comply with any of the terms of paragraph 7 of this Consent Judgment during the four (4) year period following the entry of this judgment, the entirety of FCB's interest in the defendant property shall be ordered condemned and forfeited to the United States, subject to the "notice" and "cure" provisions set forth below. In the event of forfeiture, the Santa Barbara County Recorder shall index this Judgment in the grantor index under the name of the

4

First California Bank and in the grantee index in the name of the United States of America.  If the government believes that FCB has failed to comply with any provision of paragraph 7, it shall provide written notice of such failure to FCB (as well as its respective undersigned counsel), describing the provision believed to have been violated.  FCB shall have fifteen (15) days from its receipt of such notice to cure the violation, or in the event of a failure to comply that cannot be cured within the fifteen day period, initiate within that period steps sufficient to cure the failure in a reasonable period (e.g., initiation of an unlawful detainer action or a default on the Deed of Trust), and thereafter continue and complete all reasonable and necessary steps to produce compliance as soon as reasonably practicable.  If such actions to cure the violation are not taken, as required above, the government shall file a Notice of Non-Compliance and Forfeiture with the Court, setting out the violation and the failure of FCB to timely cure the violation.  FCB shall have fifteen (15) court days from the filing of the Notice to seek relief from forfeiture, wherein the moving party may argue, among other things, it is an "innocent owner" pursuant to 18 U.S.C. § 983(d).  If such a motion is filed, the government shall take no further action until the motion has been determined.  If no such motion is timely filed, the defendant property shall be forfeited to the United States on the sixteenth (16th) day after the filing of the Notice of Non-Compliance and Forfeiture, unless the Court orders otherwise.  Upon forfeiture under the terms of this paragraph, the government shall have the right to take possession of the

defendant property upon the filing of the above-referenced Notice without further order of the Court, and the United States Marshals Service, or its representatives, shall, without further order of the Court, proceed to take physical possession of the defendant property and its fixtures and may evict any and all persons, pets, livestock, and personal property from the defendant property as it deems necessary or appropriate.  A "filed"-stamped copy of this Consent Judgment accompanied by a "filed"-stamped copy of a Notice of Noncompliance and Forfeiture and/or order of the Court, shall be sufficient to establish the forfeiture of the defendant property.  In the event that the defendant property is forfeited to the government, FCB agrees that the United States Marshals Service may proceed to sell the defendant property.  Thereafter, the United States Marshals Service, or its representatives, shall promptly proceed to dispose of the defendant property and to distribute any proceeds from the sale in accordance with the law.

     9.   In the event FCB becomes the owner of the defendant property, or with the consent of the current owner of the defendant property, or upon court order despite a lack of such consent from the current owner, the United States Marshals Service, or its representatives, shall be allowed to enter the defendant property for purposes of inspection and inventory. Such entry shall be permitted by FCB at a reasonable time to be agreed upon by the parties in writing.  Absent such agreement, the government may apply to the Court for a writ of entry, in connection with which FCB may request a hearing, for purposes of protecting the government's interests in the defendant property.

6

10. This consent judgment shall only be recorded in accordance with the provisions of paragraph 8 above.

11. The obligations of FCB pursuant to this consent judgment shall terminate and be of no further effect upon the sale or other transfer of ownership of the defendant property to a third party (including the United States Marshals Service), or of the surrender by FCB of its entire interest in the property. Additionally, these obligations shall terminate and be of no further effect in the event that the defendant property is forfeited to the government.

12. Except as otherwise set forth in this Consent Judgment and in particular paragraph 8 above, FCB has released the United States of America, its agencies, agents, and officers, including without limitation employees and other representatives of the Drug Enforcement Administration, from any and all claims, defenses, actions, or liabilities arising out of or related to this action against the defendant real property, including, without limitation, any and all claims for attorneys' fees, costs, or interest which may be asserted by or on its behalf.

13. The parties shall each bear their own costs and attorneys' fees in this action.

14. The Court shall retain jurisdiction over this matter to enforce the provisions of this Consent Judgment.

15. The Court finds that there was reasonable cause for the initiation of this action, and this Consent Judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

///

16. All notices and other communications provided for in this Consent Judgment shall be in writing and shall be effective when given on the earliest of the following dates:  (i)  the date when actually delivered if delivered in person to the recipient; (ii)  on the first (1st) business day after depositing such notice with a reputable independent nationally-recognized overnight courier service addressed to the recipient as set forth below; or (iii)  on the third (3rd) day after depositing such notice in a sealed envelope in the United States mail, postage prepaid, by registered or certified mail, return receipt requested, addressed to, except as otherwise provided in this Consent Judgment, the recipient at the address set forth below:

To the Government:  P. Greg Parham, Assistant U.S. Attorney, Asset Forfeiture Section, 312 N. Spring Street, 14th Floor, Los Angeles, CA 90012.

To FCB:  Richard A. Shaffer, 21700 Oxnard Street, Suite 430, Woodland Hills, CA 91367, Rick@raslaw.com.  Any notice so given by mail shall be deemed to have been given as of the date of delivery (whether accepted or refused) established by the U.S. Post Office return receipt or the overnight courier's proof of delivery, as the case may be.

Dated: January 16, 2013

THE HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

8