```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  P. GREG PARHAM
    Assistant United States Attorney
 6  California Bar Number 140310             JS-6
       Federal Courthouse, 14th Floor
 7     312 North Spring Street
       Los Angeles, California 90012
 8     Telephone:  (213) 894-6528
       Facsimile:  (213) 894-7177
 9     E-mail: Greg.Parham@usdoj.gov

10  Attorneys for Plaintiff
    United States of America
11
12                  UNITED STATES DISTRICT COURT
13              FOR THE CENTRAL DISTRICT OF CALIFORNIA
14                        WESTERN DIVISION
15
16  UNITED STATES OF AMERICA,    ) CV 12-03791 JFW(PLAx)
                                 )
17          Plaintiff,           )
                                 ) CONSENT JUDGMENT OF FORFEITURE
18      vs.                      ) AS TO CLAIMANT MATILIJA
                                 ) INVESTMENT PROPERTY LLC
19  REAL PROPERTY LOCATED AT 331 N.)
    MILPAS, SANTA BARBARA, CA    ) [This consent judgment is
20  (MATILIJA),                  ) case-dispositive and resolves
                                 ) all claims in this action.]
21          Defendant.           )
    _____)
22                               )
    MATILIJA INVESTMENT PROPERTY )
23  LLC AND FIRST CALIFORNIA BANK,)
                                 )
24          Claimants.           )
                                 )
25  _____)
26
27  ///
28  ///
```

1       This action was filed on May 2, 2012.  Notice was given and
2 published in accordance with law.  Claimant and titleholder
3 Matilija Investment Property LLC ("Matilija") filed a claim on
4 May 25, 2012 (Court Docket Number ("DN") 5), and was granted an
5 extension to file its responsive pleading to the complaint to on
6 or before February 11, 2013 (DN 21).  Claimant and lien holder
7 First California Bank ("FCB") filed a claim on January 9, 2013
8 (DN 22).  FCB holds a security interest in the defendant
9 property pursuant to a deed of trust to secure an indebtedness
10 by Matilija, in the original amount of $1,527,500.00, recorded
11 on June 15, 2005 in the Santa Barbara County Recorder's Office
12 as instrument no. 2005-0055870, in favor of FCB (the "Deed of
13 Trust").  On January 16, 2013 the court entered a consent
14 judgment as to the interests of FCB only (DN 24).  No other
15 claims or answers have been filed, and the time for filing
16 claims and answers has expired.  Plaintiff United States of
17 America ("the government") and Matilija have reached an
18 agreement that, without further litigation and without an
19 admission of any wrongdoing, is dispositive of the government's
20 claims against Matilija's interest in this action, and hereby
21 request that the Court enter this Consent Judgment of
22 Forfeiture.
23       **WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**
24       1.   As used throughout, the following terms shall have the
25 following meaning:  (a) "defendant property" shall mean the
26 defendant real property located at 331 N. Milpas, Santa Barbara,
27 California; and (b) "illegal purpose" shall mean any purpose
28 that furthers or facilitates the distribution or sale of

1 marijuana in violation of federal law, including, but not
2 limited to, renting space to a person or entity that sells or
3 distributes marijuana or the renting of space to or permitting
4 the continued tenancy of any person or entity that sells,
5 distributes or facilitates the sale or distribution of
6 marijuana.
7     2.   This Court has jurisdiction over the parties to this
8 judgment and the subject matter of this action.
9     3.   On or about May 2, 2012, the government filed a
10 Complaint for Forfeiture pursuant to 21 U.S.C. § 881(a)(7)
11 against the defendant property.
12     4.   Matilija and FCB filed a claim to the defendant
13 property.  No other claimant has appeared in this action.
14     5.   Notice of this action has been given in accordance
15 with law.  No appearances having been made in this action by any
16 person other than Matilija and FCB, the Court deems that all
17 other potential claimants admit the allegations of the Complaint
18 to be true.  The Complaint states a valid claim for relief
19 pursuant to 21 U.S.C. § 881(a)(7).
20     6.   Matilija shall retain possession of and title to the
21 defendant property and in consideration thereof Matilija agrees
22 to abide by the terms of this Agreement.  Matilija shall
23 lawfully use and occupy the defendant property in accordance
24 with the restrictions imposed by paragraph 7 below.  If Matilija
25 fails to comply with any of the terms of paragraph 7, Matilija's
26 interest in the defendant property shall be forfeited to the
27 government pursuant to paragraph 8 below.
28 ///

7. During the time it owns the defendant property, Matilija:

    a. shall not use or occupy the defendant property for any illegal purpose (as defined above), nor shall it knowingly allow the defendant property to be used or occupied for, or involved in, any illegal purpose.

    b. shall take reasonable precautions to prevent any destruction to or diminution in value of the defendant property and any fixtures thereto resulting from any illegal purpose.

    c. shall not knowingly rent, lease or otherwise allow the use or occupancy of the defendant property to (i) any former tenant who used or occupied the defendant property for any illegal purpose; or (ii) any person Matilija has reason to believe may use or occupy the defendant property for any illegal purpose.

    d. shall take reasonable steps to prevent the defendant property from being listed in any advertisement, publication, directory or internet site which advertises or indicates that marijuana is available at the location of the defendant property.

8. In the event that Matilija fails to comply with any of the terms of paragraph 7 of this Consent Judgment during the four (4) year period following the entry of this judgment, the entirety of Matilija's interest in the defendant property shall be ordered condemned and forfeited to the United States, subject to the "notice" and "cure" provisions set forth below. Except as otherwise provided in the consent judgment entered concerning FCB (DN 24), in the event of forfeiture, the Santa Barbara

County Recorder shall index this Judgment in the grantor index under the name of the Matilija Investment Property LLC and in the grantee index in the name of the United States of America. If the government believes that Matilija has failed to comply with any provision of paragraph 7, it shall provide written notice of such failure to Matilija (as well as its respective undersigned counsel), describing the provision believed to have been violated. Matilija shall have fifteen (15) days from its receipt of such notice to cure the violation, or in the event of a failure to comply that cannot be cured within the fifteen day period, initiate within that period steps sufficient to cure the failure in a reasonable period (e.g., initiation of an unlawful detainer action), and thereafter continue and complete all reasonable and necessary steps to produce compliance as soon as reasonably practicable. If such actions to cure the violation are not taken, as required above, the government shall file a Notice of Non-Compliance and Forfeiture with the Court, setting out the violation and the failure of Matilija to timely cure the violation. Matilija shall have fifteen (15) court days from the filing of the Notice to seek relief from forfeiture, wherein the moving party may argue, among other things, it is an "innocent owner" pursuant to 18 U.S.C. § 983(d). If such a motion is filed, the government shall take no further action until the motion has been determined. If no such motion is timely filed, the defendant property shall be forfeited to the United States on the sixteenth (16th) day after the filing of the Notice of Non-Compliance and Forfeiture, unless the Court orders otherwise. Upon forfeiture under the terms of this paragraph,

the government shall have the right to take possession of the defendant property upon the filing of the above-referenced Notice without further order of the Court, and the United States Marshals Service, or its representatives, shall, without further order of the Court, proceed to take physical possession of the defendant property and its fixtures and may evict any and all persons, pets, livestock, and personal property from the defendant property as it deems necessary or appropriate.  A "filed"-stamped copy of this Consent Judgment accompanied by a "filed"-stamped copy of a Notice of Noncompliance and Forfeiture and/or order of the Court, shall be sufficient to establish the forfeiture of the defendant property.  In the event that the defendant property is forfeited to the government, Matilija agrees that the United States Marshals Service may proceed to sell the defendant property.  Thereafter, the United States Marshals Service, or its representatives, shall promptly proceed to dispose of the defendant property and to distribute any proceeds from the sale in accordance with the law and, to the extent applicable, the terms of the FCB consent judgment.

9.   Upon the filing of this Consent Judgment, the United States Marshals Service, or its representatives, shall be allowed to enter the defendant property for purposes of inspection and inventory.  Such entry shall be permitted by Matilija at a reasonable time to be agreed upon by the parties. Absent such agreement, the government may apply to the Court for a writ of entry for purposes of protecting the government's interests in the defendant property, in connection with which Matilija may request a hearing.

10. This consent judgment shall only be recorded in accordance with the provisions of paragraph 8 above.

11. In consideration of the government's agreement not to pursue Matilija's interest in the defendant property, Matilija shall pay the sum of $20,000.00 to the government not later than 30 days following entry of this consent judgment by the Court. Such payment shall be made in the form of a cashier's check made payable to the United States Marshals Service, and shall be delivered to Assistant United States Attorney P. Greg Parham, 312 N. Spring Street, 14th Floor, Los Angeles, California 90012. Said sum is hereby ordered forfeited to the United States of America and no other right, title or interest shall exist therein. The United States Marshals Service is ordered to dispose of the funds in accordance with law.

12. In consideration of Matilija's agreement to forfeit the above-described funds, the government agrees to forego its attempts to forfeit Matilija's interest in the defendant property in connection with any conduct committed up to and including the date of the filing of this proposed consent judgment except as otherwise provided herein. The government agrees that if payment is made as provided in paragraph 11, it shall execute and record a Withdrawal of *Lis Pendens* with the County Recorder of Santa Barbara County within ten days of such payment.

13. Should Matilija fail to make the payment required herein within 30 days following entry of this consent judgment, the government shall acquire a lien against the defendant real property in the sum of $20,000.00. The government's lien shall

include a right of sale, allowing the government to take possession of and sell the defendant property at any time after fifteen days after entry of this consent judgment, unless the parties agree otherwise in writing.  The government shall give written notice to Matilija by letter directed to its attorney, Darin Marx, thirty (30) days before the government intends to enforce its right of sale of the property.  At the conclusion of that thirty day period, any occupants or personal property shall be removed from the property.  The United States Marshals Service is hereby authorized to remove any occupants and/or personal property remaining on the defendant property thirty days after the giving of written notice without further order of this Court.  The United States Marshal Service shall thereafter sell the property.  The proceeds of sale shall be applied as follows, to the extent proceeds are available:

      a. First, to the costs incurred by the United States Marshals Service in taking possession of and selling the defendant property;

      b. Second, to FCB, according to the terms of the FCB consent judgment;

      c. Third, to the payment due under the terms of this judgment.

      d. Fourth, to Matilija.

14.  The obligations of Matilija pursuant to this consent judgment, other than the payment by Matilija set forth in paragraph 11, shall terminate and be of no further effect upon the sale or other transfer of ownership of the defendant property to a third party (including the United States Marshals

1 Service), or of the surrender by Matilija of its entire interest
2 in the property.  Additionally, these obligations shall
3 terminate and be of no further effect in the event that the
4 defendant property is forfeited to the government.
5     15.  Except as otherwise set forth in this Consent Judgment
6 and in particular paragraph 8 above, Matilija has released the
7 United States of America, its agencies, agents, and officers,
8 including without limitation employees and other representatives
9 of the Drug Enforcement Administration, from any and all claims,
10 defenses, actions, or liabilities arising out of or related to
11 this action against the defendant real property, including,
12 without limitation, any and all claims for attorneys' fees,
13 costs, or interest which may be asserted by or on its behalf.
14     16.  The parties shall each bear their own costs and
15 attorneys' fees in this action.
16     17.  The Court shall retain jurisdiction over this matter
17 to enforce the provisions of this Consent Judgment.
18     18.  The Court finds that there was reasonable cause for
19 the initiation of this action, and this Consent Judgment shall
20 be construed as a certificate of reasonable cause pursuant to 28
21 U.S.C. § 2465.
22     19.  All notices and other communications provided for in
23 this Consent Judgment shall be in writing and shall be effective
24 when given on the earliest of the following dates:  (i)  the
25 date when actually delivered if delivered in person to the
26 recipient; (ii)  on the first (1st) business day after depositing
27 such notice with a reputable independent nationally-recognized
28 overnight courier service addressed to the recipient as set

9

forth below; or (iii) on the third (3rd) day after depositing such notice in a sealed envelope in the United States mail, postage prepaid, by registered or certified mail, return receipt requested, addressed to, except as otherwise provided in this Consent Judgment, the recipient at the address set forth below:

To the Government: P. Greg Parham, Assistant U.S. Attorney, Asset Forfeiture Section, 312 N. Spring Street, 14th Floor, Los Angeles, CA 90012.

To Matilija: Darin Marx, 300 Esplanade Drive, Suite 850, Oxnard, CA 93036. Any notice so given by mail shall be deemed to have been given as of the date of delivery (whether accepted or refused) established by the U.S. Post Office return receipt or the overnight courier's proof of delivery, as the case may be.

20. In the event of the enactment of any federal law that renders legal the conduct described in Paragraph 1(b), and the effective date of such law pre-dates the expiration of the time period set out in paragraph 8, this Consent Judgment shall terminate immediately without any further action by any party or the court on the effective date of such law.

Dated: February 15, 2013        _____
                                THE HONORABLE JOHN F. WALTER
                                UNITED STATES DISTRICT JUDGE

[Signatures of the parties to this agreement follow on the next page.]

10

**Approved as to form and content:**

DATED: February 6, 2013     ANDRÉ BIROTTE JR.
                            United States Attorney
                            ROBERT E. DUGDALE
                            Assistant United States Attorney
                            Chief, Criminal Division
                            STEVEN R. WELK
                            Assistant United States Attorney
                            Chief, Asset Forfeiture Section


                               /s/ P. Greg Parham
                            P. GREG PARHAM
                            Assistant United States Attorney

                            Attorneys for Plaintiff
                            United States of America



DATED: February 5, 2013

                                /s/ Darin Marx
                            DARIN MARX
                            Attorney for Claimant
                            MATILIJA INVESTMENT PROPERTY LLC


DATED: February 5, 2013
                            By:


                                /s/
                            MATILIJA INVESTMENT PROPERTY LLC
                            Claimant

11